**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| L.T. ASSOCIATES, LLC, A Delaware Limited Liability Company, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 11-774-MPT |
| | : | |
| SUSSEX COUNTY COUNCIL, GEORGE B. COLE, JOAN R. DEAVER, VANCE C. PHILLIPS, MICHAEL H. VINCENT and SAMUEL R. WILSON, JR., in their official capacity as Members of the Sussex County Council, and JOAN DEAVER, individually, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

## I.    FACTUAL BACKGROUND

L.T. Associates ("plaintiff") is a Delaware limited liability company located in

Lewes, Delaware.[1]  Sussex County Council ("Council"), the government of Sussex

County, Delaware, is composed of a five member panel consisting of George B. Cole

("Cole"), Joan R. Deaver ("Deaver"), Vance C. Phillips ("Phillips"), Michael H. Vincent

("Vincent"), and Samuel R. Wilson, Jr. ("Wilson").[2]  The Council and all members are

named defendants in this case (collectively "defendants").[3]  Plaintiff applied to amend

the Comprehensive Zoning Map ("CZM"), specifically regarding a 45.7 acre area of land

---

[1] D.I. 1-2 at 1.
[2] *Id.* at 2.
[3] *Id.*

in the Lewes and Rehoboth Hundred, denominated as C.Z. No. 1690 ("the land").[4]

Plaintiff planned to convert the land from an AR-1 Agricultural Residential District to a

CR-1 Commercial Residential District.[5]  On September 10, 2009, a public hearing

occurred regarding the land before the Sussex County Planning and Zoning

Commission ("the Commission"), which deferred action to defendants.[6]  On September

29, 2009, during a public hearing before defendants,[7] action was deferred on the

application for further consideration to and recommendation by the Commission.[8]  On

October 14, 2009, the Commission recommended defendants deny the application.[9]

On January 19, 2010, defendants denied plaintiff's application.[10]

    According to Count II of the complaint, Deaver is the councilmember who

represents the district the land is located.[11]  Prior to her election on the Council, Deaver,

as a representative of an organization opposed to a prior, similar request by plaintiff

(C.Z. No. 1630) to amend the CZM at the same land site, sent a letter in opposition of

the amendment to Council.[12]  Count II further claims Deaver, after her election, met with

several opposition groups and attended several anti-commercial development meetings,

and therefore should have recused herself from plaintiff's application process.[13]

Defendants maintain that although Deaver appeared at the such meetings, she was not

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 2-3.
[9] *Id.* at 3.
[10] *Id.*
[11] *Id.* at 4.
[12] D.I. 1-2 at 4; D.I. 6 at 2 (Deaver does not deny sending the opposition letter, but reiterates the letter was in opposition to a separate and different land use application).
[13] D.I. 1-2 at 4.

meeting with oppositions groups and did not attend them during discussions about plaintiff's application.[14]

## II.    PROCEDURAL BACKGROUND

Plaintiff filed a petition for declaratory judgment on March 12, 2010.[15]  On June 10, 2011, plaintiff amended its petition, seeking redress for violations of its constitutional rights, alleging due process violations.[16]  On September 2, 2011, plaintiff filed a notice of removal, moving the case from Chancery Court to the United States District Court for the District of Delaware.[17]  In February 2012, defendants amended their answers.[18]  On May 20, 2013, defendants filed a motion to dismiss Counts III and IV of plaintiff's complaint.[19]

In Count III, plaintiff alleges Deaver "abused her official power in her capacity as a County Councilmember by establishing her bias and prejudice against petitioner and failing to recuse herself as required . . . ."[20]  Count III further maintains Deaver purposefully tainted the procedural process for plaintiff's application, violating its civil rights.[21]  Finally, as a direct and proximate result of Deaver's intentional and unethical conduct, plaintiff suffered damages in connection with the deprivation of its constitutional rights.[22]

Count IV alleges plaintiff is entitled to and has the right to use its property in

---

[14] D.I. 20-1 at 6, 7.
[15] D.I. 1 at 2.
[16] *Id.*
[17] D.I. 1
[18] D.I. 6
[19] D.I. 41 at 1.
[20] D. I. 1-2 at 5.
[21] *Id.*
[22] *Id.*

accordance with applicable law and regulations.[23]  It also claims defendants knowingly and purposefully denied the application despite compliance with the County Code.[24] Lastly, Count IV maintains defendants' "knowing refusal to approve a compliant application and imposition of inapplicable criteria is so arbitrary and capricious as to shock the conscience and to [sic] constitutes a violations [sic] of" plaintiff's right to substantive due process.[25]

### III.    PARTIES' CONTENTIONS

#### A.    Defendants' Contentions

Defendants filed a motion to dismiss Counts III and IV of the complaint,  which requests compensatory damages under 42 U.S.C.A. §1983 for purported violations of plaintiff's due process rights.[26]  Defendants allege pursuant to this court's February 10, 2012 Scheduling Order, plaintiff was obligated to disclose the experts it planned to call regarding compensatory damages prior to July 1, 2012; however, this never occurred.[27] Defendants argue because plaintiff failed to identify any experts regarding damages, it "is unable to prove lost profits, future damages, or other compensatory damages" which resulted from the alleged due process violations.[28]  Defendants further note they requested "[t]he contract, retainer agreement, or similar agreement for services between [p]laintiff and various known engineers, consultants, etc. who may have worked on the 'planning, preparation and presentation' of the change in zone application" in its

---

[23] *Id.* at 6.
[24] *Id.*
[25] *Id.*
[26] D.I. 41 at 1.
[27] *Id.*
[28] *Id.* at 2.

4

interrogatories.[29]  Plaintiff, however, objected to defendants' request stating such documents were "irrelevant and immaterial," and would not be "probative of any fact at issue during trial."[30]  Defendants claim there is no evidence of any compensatory damages because plaintiff, "by its own admission," believes the documents to be irrelevant and immaterial.[31]  Defendants argue they are therefore entitled to a dismissal under Rule 12(b)(6) for failing to state a claim, implying that proof of compensatory damages through expert testimony is essential to a § 1983 action.[32]

### B.     Plaintiff's Contentions

Plaintiff argues defendants' Rule 12(b)(6) motion should be denied for several reasons.  First, defendants did not timely assert the Rule 12(b)(6) defense in its amended answer to plaintiff's complaint.[33]  Second, even if the timing restriction for the motion is ignored, it fails because it refers to matters entirely outside the pleadings.[34]  Plaintiff acknowledges a court may convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are presented under Rule 12(d);[35] however, defendants would not succeed on Rule 56 motion.

In addressing summary judgment, plaintiff argues compensatory damages are not an essential element of a § 1983 claim, because damages may be nominal, compensatory, or punitive, and nominal damages are presumed in violation of due

---

[29] *Id.*
[30] *Id.*
[31] *Id.* at 3.
[32] *Id.*
[33] D.I. 44 at 2.
[34] *Id.* (Referencing defendants' use of interrogatories and plaintiff's responses thereto).
[35] *Id.* at 3.

process cases.[36]  Plaintiff further maintains it sufficiently pleaded compensatory

damages because it specifically requests them in its amended declaratory judgment

complaint.[37]  Plaintiff points out defendants recognize compensatory damages are

sought in Counts III and IV in their motion, essentially acknowledging the sufficiency of

the complaint.[38]  Plaintiff also asserts compensatory damages may be proven through

several identified fact witnesses who have knowledge of the expenses incurred.[39]

Plaintiff reiterates defendants could have deposed those fact witnesses listed in its

interrogatory responses, but chose not to.[40]  Finally, plaintiff emphasizes it provided

defendants with an itemized list of out of pocket expenditures, incurred in preparing and

presenting the application.[41]

## IV.   STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) permits a party to move to dismiss a complaint for failure

to state a claim upon which relief can be granted.  The purpose of a motion under Rule

12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide

the merits of the case.[42]  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."[43]  A motion to

---

[36] *See, e.g.,* Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation* § 4.1 (4th ed. 2012); D.I. 44 at 3-4, 8.
[37] D.I. 44 at 5; D.I. 1-2 at 7.
[38] D.I. 44 at 5.
[39] *Id.* at 6.
[40] *Id.*
[41] *Id.* at 7.
[42] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[43] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, [the] plaintiff is not entitled to relief."[44]  While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[45]

To survive a motion to dismiss, plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[46]  Plaintiff is therefore required to provide the grounds of its entitlement to relief beyond mere labels and conclusions.[47] Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[48]  A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[49]  Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[50]

"Courts generally consider only the allegations contained in the complaint . . ."

---

[44] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *In re Burlington*, 114 F.3d at 1420).

[45] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted);*see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (rejecting "unsupported conclusions and unwarranted inferences") (citations omitted); *see generally Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

[46] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

[47] *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[48] *Twombly*, 550 U.S. at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).

[49] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

[50] *Twombly*, 550 U.S. at 563 (citations omitted).

when reviewing a motion to dismiss.[51]  FED. R. CIV. P. 12(d) addresses the use of

materials outside the pleadings in motions to dismiss.  When "matters outside the

pleadings are relied upon in a Rule 12(b)(6) motion, a district court must *either deny the*

*motion or convert it to a Rule 56 motion for summary judgment.*"[52]  If "matters outside

the pleadings are presented to and not excluded by the court, the motion *must* be

treated as one for summary judgment . . . ."[53]  If the court decides to convert the motion

to dismiss into a summary judgment motion, it must provide notice to the parties,[54]

which must unambiguously note the court's intention to convert the motion,[55] and the

court must give the parties an "opportunity for appropriate discovery and . . . to present

all material made pertinent to the motion."[56]  However, certain materials may be

consider without converting the motion to dismiss into a motion for summary judgment.

A court is not limited to the four corners of the complaint and may consider "matters

incorporated by reference integral to the claim, items subject to judicial notice, matters

of public record, orders [and] items appearing in the record of the case."[57]

　　　If a district court converts a 12(b)(6) motion into one for summary judgment, the

---

[51] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993).
[52] *Kisby Lees Mechanical, LLC v. Pinnacle Insulation, Inc.*, C.A. No. 11-5093 2012 WL 3133681, at *5 (D.N.J July 31, 2012).
[53] *Chase Manhattan Bank v. BCE Mobile Commc'n Inc.*, 722 F. Supp. 2d 505, 506 (D. Del. 2010) (emphasis added).
[54] *Pride Mobility Prod. Corp. v. Comfort Medical Supply, LLC*, C.A. No. 3:13-CV-452 WL 2371215, at *3 (M.D. Pa. May 30, 2013).
[55] *Rose v. Bartle*, 871 F.2d 331, 341 (3rd Cir. 1989)
[56] *Coudriet v. Vardaro*, C.A. No. 11-185 2013 WL 1500581, at *3 (W.D. Pa. February 27, 2013).
[57] *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2004)).  This would include taking judicial notice of the public records of a State court action and an appeal therefrom.  *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12 (b)(6) motion, a court may properly look at public records, *including judicial proceedings*, in addition to the allegations in the complaint."  (emphasis added).  Further,"exhibits attached to the complaint whose authenticity is unquestioned" may also be considered.  5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2007).

procedures under FED. R. CIV. P. 56 govern.[58]   Under Rule 56(a), a court is to enter summary judgment only when the record demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  In deciding a motion for summary judgment, the court's role is not to weigh the evidence or to determine the truth of the matters asserted, but to determine whether there is a genuine issue of fact for trial.[59]   In so doing, the court must view all facts and draw all reasonable inferences in favor of the non-movant, take as true all reasonable allegations of the non-movant that conflict with those of the movant, and resolve all doubts against the movant.[60]   The court must also treat direct and circumstantial evidence alike.[61]

## A.    Section 1983 Claim and Damages

42 U.S.C.A. §1983, provides civil recourse for violations of protected rights.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, [or] custom, . . . , of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .[62]

The legislative history of §1983 indicates it was intended to "create a species of tort liability in favor of persons who are deprived of 'rights, privileges, or immunities secured'

---

[58] *Rose*, 871 F.2d at 340.
[59] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)
[60] *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).
[61] *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003).
[62] 42 U.S.C.A. §1983.

to them by the Constitution."[63]  To succeed on a § 1983 claim, a plaintiff must prove three elements.  First, he must demonstrate the conduct complained of was done by a person acting under the color of law.[64]  "The misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action pursued under color of law within the meaning of 42 U.S.C.A. § 1983."[65]

Second, a plaintiff must prove the conduct complained of deprived him of rights, immunities, or privileges guaranteed to him by the Constitution or laws.[66]  One such right which frequently appears in § 1983 cases is the right to due process.  Due process is thought to be an absolute right ". . . because of its importance to organized society . . . ."[67]  Further, due process is a guaranteed constitutional right under the Fifth Amendment, which states "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."[68]  One cornerstone of procedural due process is the right to an impartial tribunal.[69]  Typically when a decision maker is or has been extensively involved or has a personal interest in a matter before the tribunal, her involvement is thought to negate the impartiality guarantee.[70]

---

[63] *Carey v. Piphus*, 435 U.S. 247, 252 (1978).

[64] *Basista v. Weir*, 340 F.2d 74, 79 (3rd Cir. 1965).

[65] *Id.* at 80.

[66] *Id.* at 79.

[67] *Higgins v. Beyer*, 293 F.3d 683, 694, fn3 (3rd Circ. 2002) (quoting *Carey*, 435 U.S. at 266).

[68] U.S. Const. amend. V.

[69] *See*, *Withrow v. Larkin*, 421 U.S. 35, 50 fn16 (1975).

[70] *See*, *Withrow*, 421 U.S. 50, fn16; *See*, *e.g.*, *American Cyanimid Co. V. FTC*, 363 F.2d 757 (6th Cir. 1966) (one of the commissioners had previously served actively as counsel for a Senate subcommittee investigating the same facts and issues before the FTC); *Texaco, Inc. v. FTC*, 381 U.S. 739 (1965) (the Court found that a speech made by a commissioner clearly indicated that he had already reached a decision as to matters pending before the Commission).

10

Finally, a plaintiff must demonstrate damages, and "that [his] damages resulted from the constitutional injury inflicted by defendants."[71]  In § 1983 cases involving procedural due process violations, compensatory damages are not presumed,[72] and a plaintiff must prove an *actual* injury to recover them.[73]  However, compensatory damages are *not an essential element* of a § 1983 claim, because any form of damages, even nominal damages, will satisfy the element.[74]  In *Carey v. Piphus*, two students were suspended from their schools for violating school policies.[75]  Each was suspended absent any hearing.[76]  The United States Supreme Court held in a § 1983 claim regarding a deprivation of due process, a plaintiff must prove an actual injury to collect compensatory damages.[77]  However, the Court also recognized the significance of the right to due process, holding there is a presumption of nominal damages when there is a denial of due process, and a § 1983 claim should be actionable for nominal damages without proof of actual injury.[78]

## B.    701 Lay Opinion Testimony

Damages do not need to be proven solely by experts in § 1983 cases.  There is no case law that specifically requires proving damages through expert testimony.  Damages can be proven either through expert or lay opinion testimony.  The

---

[71] *Patterson v. Armstrong Cnty. Children and Youth Services*, 141 F. Supp. 2d 512, 542 (W.D. Pa. 2001); *See, Carey*, 435 U.S. 247.
[72] *Patterson*, 141 F. Supp. 2d at 542.
[73] *See, Wallace v. Powell*, C.A. No. 3:10-cv-1405, 2012 WL 2007294, *3 (M.D. Pa. June 5, 2012) (emphasis added).
[74] *Carey*, 435 U.S. at 266 (emphasis added).
[75] *Id.* at 248-51.
[76] *Id.*
[77] *Id.* at 264.
[78] *Id.* at 266.

admissibility of lay opinion testimony is governed by FED. R. EVID. 701, which states in

pertinent part:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Third Circuit interprets Rule 701 "to permit individuals not qualified as

experts, but possessing *experience or specialized knowledge* about particular things, to

testify about technical matters that might have been thought to lie within the exclusive

province of experts."[79]  "[F]or lay opinion as to technical matters . . . to be admissible, it

must derive from a sufficiently qualified source as to be reliable and hence helpful to the

[fact finder]."[80]  "In determining whether a lay witness has sufficient special knowledge

or experience to ensure that the lay opinion is rationally derived from the witness's

observation and helpful to the [fact finder], the trial court should focus on the substance

of the witness's background and its germaneness to the issue at hand."[81]

## V.    DISCUSSION

Although defendants reference their motion as under Rule 12(b)(6), they

specifically refer to interrogatory responses, which are documents outside the pleadings

---

[79] *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1193 (3d Cir. 1995) (emphasis added).

[80] *Id.* at 1201.

[81] *Id.* at 1202.

in their motion.[82]  It is within the Court's discretion to convert a Rule 12(b)(6) under Rule 12(d) motion or to deny it.[83]  Under Rule 12(b)(6), plaintiff has sufficiently pleaded a § 1983 claim.  It points to state action depriving it of a federally protected right, that is, procedural due process, and provides specific dates, times, events, and facts making the harms complained of plausible.  Accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the non-moving party, plaintiff has raised allegations demonstrating a right to relief.  Deaver's involvement with plaintiff's applications (C.Z. Nos. 1630 and 1690) to amend the CZM, as well as her attendance at several anti-commercial development meetings, adequately pleads that a potentially partial tribunal denied the application request, constituting a violation of plaintiff's procedural due process rights at the application hearing.

Defendants allege plaintiff has not "proven" an essential element of its § 1983 claim,[84] that is, compensatory damages.  At the Rule 12(b)(6) stage, "proof" is not required.  Rather a plaintiff needs only to generate a viable complaint.[85]  Defendants acknowledge plaintiff seeks compensatory damages under §1983 in Counts III and IV,[86] which demonstrates they are aware of the type of damages sought and the adequacy of plaintiff's pleading.

Analyzing defendants' motion under Rule 56, it would still be denied.  First,

---

[82] D.I. 44 at 6.

[83]  *Kisby Lees Mechanical, LLC v. Pinnacle Insulation, Inc.*, C.A. No. 11-5093, 2012 WL 3133681, at *5 (D.N.J. July 31, 2012).

[84] D.I. 41 at ¶ 3.

[85] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[86] D.I. 41 at ¶ 1.

compensatory damages are not an essential element of a § 1983 claim.  Nominal

damages are sufficient, even absent proof of actual injury.[87]  Failing to prove

compensatory damages may drastically decrease plaintiff's award; they are not

necessary to establish a viable § 1983 claim.  Second, the issue of whether plaintiff has

proven compensatory damages presents a genuine, material issue of fact for trial.

There is no requirement that expert testimony is necessary to recover compensatory

damages.  Lay opinion testimony, as long as it comports with FED. R. EVID. 701, is

sufficient, which means lay witnesses identified by plaintiff may provide the required

evidence.

## VI.    CONCLUSION

For the reasons contained herein, IT IS ORDERED and ADJUDGED that

defendants' motion to dismiss (D.I. 41) is denied.

Dated: August 5, 2013                    /s/   Mary Pat Thynge
                                         UNITED STATES MAGISTRATE JUDGE

---

[87] *Carey*, 435 U.S. at 266.